Parker, C. J.,
delivered the opinion of the Court.
The pauper’s father had his settlement in Harwich, before the act to incorporate Brewster. His wife and children had their settlement also under him, in Harwich.
By that act, neither the habitancy nor the settlement of the father, nor of any of his family, was changed ; for by the second section they were to remain, while they constituted his family, as if no division of the town had taken place.
When he removed to Orleans, he carried with him his right to a settlement in Harwich, which continued until he gained [ * 400 ] a new settlement in Orleans. The settlement of * his family likewise continued. When Malachi, the pauper *323 came of age, he was capable of gaining a settlement for himself, and no longer depended upon his father for his settlement. But as he never gained any, he retained the .settlement derived from his father in Harwich.
It has been argued that the provision, in the section referred to, established a personal privilege in the remonstrants, at whose instance the provision was introduced, and in their families; so that when one of the remonstrants should die, his children coming of age would be inhabitants of Brewster.
This is true; but as the act did not operate upon the children, any more than upon the father, at the time it was passed ; and although, as they came of age, they would be inhabitants of Brewster if they continued to reside within the limits of that town, they would not have settlements there, by virtue of the incorporation. The pauper, however, did not remain there; but went, while under age, with his father to Orleans; so that he never had either habitancy or settlement in Brewster.

Defendants defaulted.